[880 NYS2d 109]

In the Matter of MARK E. WOLTERBEEK, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND, ELEVENTH, AND THIRTEENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, May 19, 2009

**APPEARANCES OF COUNSEL**

*Diana Maxfield Kearse*, Brooklyn (*Diana J. Szochet* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

By order and opinion of the Supreme Court of New Hampshire dated October 31, 2005 (152 NH 710, 886 A2d 990 [2005]), the respondent was disbarred based on his conduct in representing Richard Schneider in a divorce action in 1995. The respondent advised his client to file for bankruptcy in light of his financial difficulties. The Schneiders owned the Village Grocery Store (hereinafter the Village Grocer) on which Shawmut Bank was in the process of foreclosing. The respondent informed the bank of his concerns about gasoline pumps and underground storage tanks that were once located on the property. Largely due to that information, Shawmut Bank became disinterested in holding title to the property.

On October 10, 1995, the respondent, his wife, and George Chapman signed a partnership agreement forming the REMY Limited Partnership. On October 30, 1995, REMY Limited Partnership paid Shawmut Bank $25,000 for the three mortgages it held on the Village Grocer without disclosing the respondent's role as a partner in REMY Limited Partnership. The respondent drafted a quitclaim deed that Schneider signed on October 31, 1995 transferring title to REMY Limited Partnership. Schneider was unaware that the respondent and his wife were involved in REMY Limited Partnership.

On November 3, 1995, the respondent filed a petition in bankruptcy court on behalf of Schneider. The petition failed to disclose the debtor's interest in property transferred within the preceding year. On February 6, 1996, Schneider received a discharge in bankruptcy.

On April 8, 1996, REMY Limited Partnership obtained a $75,000 loan from Granite Bank secured by the Village Grocer. REMY Limited Partnership then filed a certificate of limited partnership with the Secretary of State listing the respondent and his wife as general partners and Chapman as limited partner. On October 10, 2002, the respondent had Schneider sign a corrective quitclaim deed amending the name of the grantee to REMY Real Estate Limited Partnership (hereinafter REMY). Schneider was still unaware of the respondent's interest. On May 13, 2003, REMY refinanced the mortgage held by Granite Bank and received an additional loan in the sum of $125,000 secured by the Village Grocer. The respondent then filed an affidavit with the county registry of deeds clarifying the name of the partnership and identifying himself as general

partner. The respondent also filed the quitclaim deed with the registry of deeds.

On August 4, 2003, United States Trustee Geraldine B. Karonis filed an ex parte motion to reopen the Schneider bankruptcy based upon the discovery of information not previously disclosed. Upon learning of the respondent's interest in REMY, Schneider filed a complaint with the Attorney Discipline Office (hereinafter ADO) on September 24, 2003. On October 20, 2004, the ADO issued a notice of charges which the respondent claimed were time-barred.

The presence of aggravating factors, including prior offenses, multiple rule violations, and dishonest or selfish motive, as well as the egregiousness of the misconduct, were deemed by the New Hampshire Supreme Court to warrant the respondent's disbarment in that state.

Although served with the Grievance Committee's notice pursuant to 22 NYCRR 691.3 on October 16, 2008, the respondent has, to date, failed to reply or to assert any of the enumerated defenses. There is, thus, no impediment to the imposition of reciprocal discipline at this juncture.

Under the circumstances, we find that the respondent's misconduct warrants his disbarment in New York as well.

MASTRO, J.P., RIVERA, SPOLZINO, SKELOS and ENG, JJ., concur.

Ordered that the petitioner's application is granted; and it is further,

Ordered that pursuant to 22 NYCRR 691.3, effective immediately, the respondent, Mark E. Wolterbeek, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Mark E. Wolterbeek, shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Mark E. Wolterbeek, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.

Ordered that if the respondent, Mark E. Wolterbeek, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).